IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DONALD ANDREWS                                                                                    PETITIONER

V.                                                      No.  12-2130

LARRY NORRIS, Director
Arkansas Department of Correction                                                                RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions (ECF No. 1) filed June 14, 2012 under 28 U.S.C. Section 2254.  No service has been authorized and the undersigned recommends the petition be dismissed with prejudice.

### I.  Background

On November 4, 2010 the Petitioner was charged in Federal Court with conspiracy to distribute more than 50 grams of a mixture or substance containing methamphetamine. (2:10-cr-20057; ECF No. 1).  In the Affidavit for a Search Warrant prepared by Kerry Keeter, a Special Agent with the DEA, he testified that during the investigation of the conspiracy the police officers went to the residence of the Petitioner on October 21, 2010 where the Petitioner gave "verbal consent to search his residence".  During the search the officers found marijuana, a smoking device, and  small plastic baggies. Also during the search the Petitioner received a text message which read "hey, can I get a teener?". ((2:10-cr-20057; ECF No. 45-1, ¶12). Agent Keeter recited that the Petitioner withdrew his consent and they withdrew from the residence and secured a search warrant. ((2:10-cr-20057; ECF No. 45-2).

On November 30, 2010 the Petitioner was charged in Sebastian County Arkansas in CR 10-1202 with Possession of a Controlled Substance, Possession of Drug Paraphernalia, Possession of Methamphetamine, and Simultaneous Possession of Drugs & Firearm. (Exhibit 1)

On June 23, 2011 the Petitioner entered a plea of guilty to Possession of Clonazepam, a Class A misdemeanor and Possession of Methamphetamine a class C felony.  Counts II and IV were nolle pressed and the Petitioner was sentenced to 1 year suspended on the misdemeanor charge and 5 years suspended on the felony charge. (Exhibit 2).

On September 30, 2011 the Petitioner entered a plea of guilty to the Indictment in Federal Court pursuant to a Plea Agreement (ECF No. 188) and on February 7, 2012 was sentenced to 60 months in prison (ECF No. 235).  The Petitioner appealed his sentence (ECF No. 237) on February 21, 2012 and the appeal is still pending.

The Petitioner filed the current Motion under 28 U.S.C. §2254 (ECF No. 1) contending that his attorney in his state court proceeding was Ineffective for failing to "properly" object to, and appeal the legality of his warrantless search (Id., p. 6).

## II.  Discussion

The proper procedure for bringing a claim of Ineffective Assistance of Counsel in Arkansas is to file a motion pursuant to Rule 37 (Ark. R. Cr. P., 37.1) but such a motion has to be filed within 90 days of the judgment. (Ark. R. Cr. P., 37.2(c).

**A. Failure to Exhaust State Court Remedies**

In order "[t]o be eligible for federal habeas corpus relief, a state prisoner must first exhaust his state law remedies and fairly present the facts and substance of his habeas claim to the state court." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir.2007) (quoting *Middleton v.*

*Roper*, 455 F.3d 838, 855 (8th Cir.2006)); see also *Baldwin*, 541 U.S. at 29. "Claims that have not been presented to the state courts, and for which there are no remaining state remedies, are procedurally defaulted." *Skillicorn v. Luebbers*, 475 F.3d 965, 976 (8th Cir.2007).

The Petitioner did not file any request for post conviction relief in the state court proceeding (See Exhibit 1 and ECF No. 1, ¶10) and his claim has been procedurally defaulted.

**B.  Procedural Default**

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). *Abdullah v. Groose* 75 F.3d 408, *411 (C.A.8 (Mo.),1996). Fundamental miscarriage generally means the conviction of an innocent person. (*See Murray v. Carrier*, 477 U.S. 478, 495-96, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986) The Petitioner's innocence must be established by clear and convincing evidence. (*See Whitmore v. Avery*, 26 F. 3d 1426, 1429, (C.A. 8 (Neb.), 1994))

**1.  Cause and Prejudice**

Cause requires a showing of some impediment, external to the petitioner's defense and not fairly attributable to him, preventing him from constructing or raising his claims in state court or complying with the state's procedural rules. *Coleman v. Thompson*, 501 U.S. 722 at 753. If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

The law is clear that a petitioner's pro se status, limited education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to constitute cause overcoming a procedural default. Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir.1992); Stanley v. Lockhart, 941 F.2d 707, 710 (8th Cir.1991); McKinnon v. Lockhart, 921 F.2d 830, 832 n.5 (8th Cir.1990); Vasquez v. Lockhart, 867 F.2d 1056, 1058 (8th Cir.1988); Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir.1988).

The Petitioner has failed to allege any cause for his failure to file a Rule 37 petition in the Arkansas trial court nor can the court discern any cause from its examination of the record. The Application for the Search warrant was made part of the federal case file (2:10-cr-20057; ECF No. 45-1) and set forth the facts surrounding the search warrant in detail. In addition the Petitioner's state attorney filed a motion for discovery on April 26, 2011 and makes it clear that the state and federal cases were joined by mutual facts (See Exhibit 3). It is clear that the Petitioner was well aware of these facts at the time he entered his plea. There is no justifiable cause for failure to file a timely Rule 37 motion.

Notwithstanding the Plaintiff also cannot show prejudice. The Petitioner did not receive any jail time on his state court proceedings but received 60 months imprisonment on the federal conspiracy charges. In reviewing the federal conspiracy charges the DEF agent claimed that the Petitioner gave consent to the initial search. It appears that the Petitioner's state court attorney did file a Motion to Suppress (See Exhibit 3) but it was never ruled on by the court because the Petitioner choose to enter a plea. Faced with the much more serious federal conspiracy charge it is clear that the Petitioner waived his right to pursue the motion to suppress in order to obtain a suspended sentence plea on his state charges. Once the Petitioner plead in state court he could not

pursue an appeal because under Arkansas law when the Plaintiff enters a plea of guilty he waives his right to appeal ( *See Redding v. State*, 293 Ark. 411, 738 S.W.2d 410 (1987), and A.R.Cr.P. Rule 36.1).

### 2. Fundamental Miscarriage of Justice

The Petitioner has failed to show any fundamental miscarriage of justice because the Petitioner entered a plea of guilty to the conspiracy to distribute methamphetamine in his federal case, which case included the complained of search in state court, and he was sentenced to 60 months imprisonment. (2:10-cr-20057; ECF No. 235).

Because the Petitioner has failed to demonstrate any cause and prejudice or that a fundamental misarrange of justice occurred his Petition should be dismissed.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2254 be dismissed with prejudice.

**The petitioner has fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The petitioner is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this August 24, 2012

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE